Defendant-appellant, Trent D. Stewart, appeals the dismissal of his petition for postconviction relief. For the reasons that follow, we affirm.[1]
On February 15, 1990, appellant was sentenced to nine to twenty-five years of imprisonment on a charge of aggravated robbery with additional concurrent sentences for kidnapping and gross sexual imposition, all of which occurred in 1989.
On September 18, 1996, appellant filed his petition alleging that his indefinite sentence violated his constitutional rights. Appellant claimed he was entitled to be resentenced to a definite sentence pursuant to the provisions of Am.Sub.S.B. No. 2 (hereinafter "Senate Bill 2"). The trial court dismissed appellant's petition.
In his first, third, and fourth assignments of error, appellant argues the trial court failed to address claims that his constitutional rights were violated by the failure to retroactively apply Senate Bill 2.
Appellant's primary argument is that he has a right under Senate Bill 2 to be resentenced to a definite term of imprisonment. This legislation, effective July 1, 1996, does not apply to terms of imprisonment imposed for offenses committed prior to the bill's effective date. State v. Carlton (May 28, 1996), Warren App. No. CA96-01-007, unreported. Moreover, we have rejected claims similar to appellant's that the failure to retroactively apply Senate Bill 2 constitutes a violation of due process and equal protection of law. Id. Since appellant was sentenced in February 1990 for a crime committed in 1989, Senate Bill 2 clearly does not apply.
Appellant's second assignment of error claims that R.C. 1.58-(B) requires the retroactive application of Senate Bill 2. We have previously considered and rejected this argument. State v. Miller (Dec. 30, 1996), Warren App. No. CA96-10-104, unreported.
Appellant's assignments of error are without merit and are hereby overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] Appellee has not filed a brief in this case.